## Edwards v. Noonan, etc.

*Jerome E. Parker,* for plaintiff.

*John R. Verbalis* and *Ronwald Kenowski,* for defendant.

HOBAN, P. J., January 5, 1953.—Action in replevin with bond. Defendant filed a counterbond. Plaintiff filed a petition to impound in the custody of the sheriff, as permitted by Pa. R. C. P. 1079. Defendant filed preliminary objections to the petition. When the preliminary objections were called up for argument we were of the opinion that the Rules of Civil Procedure made no provision for preliminary objections to such a petition and directed defendant to file an answer. Defendant, without waiving any right to press the preliminary objections, filed an answer, and a hearing was held with testimony given in open court.

The rule to impound is not a pleading under the Rules of Civil Procedure: Pa. R. C. P. 1017. A preliminary objection is a pleading in a series of pleadings, as limited by rule 1017. The petition to impound is simply an interlocutory procedure to safeguard possession of the goods until the issues as set up by the authorized pleadings are decided, and in itself raises no issues as to title or right of possession, appropriate to a formal pleading. Rule 1078 has no bearing here, for that rule offers a method in the course of the pleadings proper to determine whether the property is immune or exempt from replevin, e.g., such as property exempted by statute, or in custodia legis, or contraband, etc.

The preliminary objections, therefore, will be overruled.

Under the petition and answer the sole question to be decided is whether "the circumstances are such that the petitioner if found entitled to the property would not be adequately compensated for its loss by the payment of its pecuniary value": Pa. R. C. P. 1079 (*b*) (1).

From the testimony it appears that plaintiff is the proprietor of several retail stationery stores. He contracted with defendant's firm, then a partnership, to furnish him its service. The service operated as follows: Defendant provided his client with a form (form A—copyright owned by defendant) upon which the client made daily entries of receipts and expenditures. Every week the client mailed the form with the information entered thereon to defendant. Defendant thereupon analyzed and classified the information thereon into journal entries, posted the entries to general ledger accounts, kept the accounts in balance, prepared and mailed to the client a monthly trial balance, and a cumulative profit and loss statement, and prepared for filing certain required tax returns. The contract required defendant to keep in strict confidence all records received and further provided that either party could cancel the contract on 30 days' notice.

Plaintiff canceled the contract, gave defendant the appropriate notice and directed defendant to turn the records over to another accountant, a former partner of defendant. Defendant refused, and this suit was commenced to secure possession of the records, including the forms A, as submitted by plaintiff. Plaintiff's fees due defendant were paid up, so the sole issue in the suit will be as to the right of possession.

The testimony also indicated that the completed forms A and the subsequent entries to journal and ledger constituted plaintiff's only system of bookkeeping. To provide a system of bookkeeping for the client was the object of the service. The only records retained by plaintiff were his sales records, checks and check

stubs. Obviously, without possession of records retained by defendant, if plaintiff requires any past bookkeeping data he would have to reconstitute a whole set of books from the basic data at hand, a difficult, expensive and perhaps impossible task.

Defendant's theory is that these records are his business assets and since the forms A are of his own devising and supply, he ought to retain them against the client's demand. This, of course, is the question involved in the replevin action and we cannot decide it on this rule to impound. We may observe, however, that it is a strange doctrine which would permit a bookkeeper as against his employer's interest to retain the employer's books and business records, whether that employment was as an independent contractor, or as master and servant.

We have no doubt, however, that the question here must be answered in favor of plaintiff. The mere recital of the facts indicates that plaintiff, if found entitled to the property, would not be adequately compensated for its loss by the payment of its pecuniary value. Impounding, therefore, is justified.

Defendant in his motion to dismiss the rule questioned the timeliness of plaintiff's motion because it was not presented prior to the filing of the counterbond. Rule 1079 permits any party to file a petition to impound prior to delivery of the property by the sheriff to any party. There is no suggestion that such was not the case here. Indeed, when plaintiff institutes replevin with bond it would be a futile procedure for him to request impounding before the possession which he seeks to safeguard is threatened, which occurs only if defendant files a counterbond. The procedure here is on time within the rule.

Now, January 5, 1953, the preliminary objections to plaintiff's petition to impound are overruled; defendant's motion to dismiss the rule to impound is

refused; the rule to show cause why the property replevied should not be impounded in the custody of the Sheriff of Lackawanna County, or any other person designated by court, is made absolute; the Sheriff of Lackawanna County is designated as the custodian of the property under replevin pending final determination of the action, security to be entered by petitioner for the payment of storage charges and other expenses, sec. leg.